UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE GUZMAN,<br><br>                                    Plaintiff,<br><br>v.<br><br>Courtyards Owner, LLC; Carinal Group Management Midwest, Inc.; Asset Living Corporation; Tschetter Sulzer Muccio, P.C.; Victor Lewis Sulzer, Esq.; John Doe; and Central Portfolio Control, Inc.,<br><br>                                    Defendants. | Case No.:  25-CV-00740-GPC-BLM<br><br>**ORDER DENYING DEFENDANT COURTYARDS OWNER, LLC'S MOTION TO STAY**<br><br>**[ECF No. 54]** |

This case arises from the filing and prosecution of a Colorado unlawful detainer action against Plaintiff Louise Guzman, an active-duty United States Marine, after she had already vacated the premises pursuant to military orders. *See* ECF No. 29. This Court previously found that it lacked jurisdiction over two law firm Defendants and transferred the claims against those Defendants to the District of Colorado. ECF No. 49. Defendant Courtyards Owner, LLC now moves to stay the action pending the resolution of the related Colorado case. ECF No. 54. For the reasons outlined below, the Court DENIES the motion to stay. Accordingly, the Court also VACATES the hearing scheduled for June 18, 2026.

# BACKGROUND

## I.    Factual Background

The facts of this case have been detailed by the Court in previous orders. See ECF No. 49. Thus, the Court will recount only those facts relevant to the motion now before it.

In June 2023, Plaintiff entered into a residential lease agreement with Defendant Courtyards Owner, LLC ("Courtyards") for an apartment in Aurora, Colorado, while serving as a reservist in the United States Marine Corps. *See* ECF No. 29, ¶¶ 32–39. The property is owned by Courtyards. *Id.* ¶ 34. During the lease application process, Plaintiff disclosed her military status and provided documentation confirming that status. *Id.* ¶ 36.

In November 2023, Plaintiff received Permanent Change of Station orders requiring her to relocate to San Diego, California. *Id.* ¶ 40. Plaintiff alleges that she notified her apartment complex of her military orders, completed her move-out process, turned in her keys, and vacated the apartment on or about January 26, 2024. *Id.* ¶¶ 41–45.

Despite Plaintiff's prior vacancy, Courtyards, through counsel, filed a Colorado forcible entry and detainer action against Plaintiff on July 9, 2024. *Id.* ¶ 46. An affidavit filed as part of the lawsuit asserted that Plaintiff was not in military service. *Id.* ¶ 47.

Plaintiff alleges that Courtyards, as the owner and principal of the residential property at issue, negligently entrusted property management and eviction enforcement to its agent without meaningful oversight. *Id.* ¶ 57. Plaintiff also alleges additional theories of liability against Courtyards in relation to Courtyards' purported knowledge that Plaintiff was in military service and role as the plaintiff in the Colorado unlawful detainer lawsuit. *See generally* ECF No. 29.

Plaintiff further argues that Courtyards is vicariously liable for conduct of each of the other Defendants in this case—including those transferred to the District of Colorado—in their capacity as Courtyards' agents. *Id.* ¶ 58.

## II.    Procedural Background

25-CV-00740-GPC-BLM

Plaintiff's suit previously included Defendants Tschetter Sulzer Muccio, P.C., and Lewis Sulzer, Esq ("Law Firm Defendants"). ECF No. 29, ¶¶ 22–23. In January 2026, the Law Firm Defendants moved to dismiss for lack of personal jurisdiction and improper venue. ECF No. 43. The Law Firm Defendants further argued that, if the Court did not dismiss for lack of personal jurisdiction, the Court should transfer the claims against them to the District of Colorado where they are properly subject to personal jurisdiction. ECF No. 43-1, at 18.

The Court found that the Law Firm Defendants' conduct occurred entirely in Colorado and that they had not purposefully directed any activity towards California. ECF No. 49-1, at 12. Thus, the Court concluded that it lacked personal jurisdiction over the Law Firm Defendants and transferred the claims against them to the District of Colorado. *Id.* at 12-13.

Defendant Courtyards now moves to stay the action pending the resolution of the related Colorado action. ECF No. 54-1, at 2.

## LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "A stay is not a matter of right[.]" *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926). Rather, it is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginia R. Co.*, 272 U.S. at 672). The party requesting a stay bears the burden of demonstrating that a stay is appropriate. *Id.* at 434; *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015).

In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v.*

3

25-CV-00740-GPC-BLM

*Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). These interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* Courts are not limited to these three factors and can consider the totality of the circumstances. *Consumer Fin. Prot. Bureau v. Daniel A. Rosen, Inc.*, No. 2:21-CV-07492-VAP-JDEX, 2023 WL 11876966, at *2 (C.D. Cal. Jan. 3, 2023).

## DISCUSSION

Defendant Courtyards asks the Court to stay this action pending the resolution of the related action in the District of Colorado ("Colorado action"). ECF No. 54-1, at 2. Courtyards argues that (1) the orderly course of justice favors a stay; (2) Plaintiff will not be prejudiced by a stay; and (3) Courtyards will suffer hardship if compelled to proceed. *See generally* ECF No. 54-1. More specifically, Courtyards argues that a stay will allow threshold questions to be resolved, avoid duplicative discovery and potentially inconsistent findings, and aid in judicial economy. *Id.*

Plaintiff counters that the Colorado action will not resolve any issues in this case and concerns over duplicative discovery are minimal. ECF No. 57, at 5-7. Plaintiff further argues that a stay would result in an unnecessary and prejudicial delay and give rise to concerns regarding evidentiary preservation. *Id.* at 8-9. Lastly, Plaintiff emphasizes that her theories of liability against Courtyards are not solely based on the conduct of its agents—namely, the Law Firm Defendants—and Courtyards' reliance thereon, but also on Courtyards' own actions in allegedly knowing about Plaintiff's military status and failing to disclose such information to the Law Firm Defendants. *Id.* at 10.

Courtyards' arguments ignore that all challenged conduct in this case was conducted either by Courtyards or on Courtyards' own behalf. In fact, Courtyards was initially the

only Defendant in Plaintiff's case. *See* ECF No. 1. Plaintiff's lease agreement was with Courtyards, and Courtyards was the plaintiff in the allegedly baseless unlawful detainer action in which the allegedly false affidavit was filed. Considering Plaintiff's allegations, Courtyards is the central figure in this litigation.

Thus, Plaintiff should not be denied the opportunity to promptly pursue her action against Courtyards—and the other Defendants in this case—in the venue of her choosing where this Court's personal jurisdiction over the remaining Defendants is not challenged simply because this Court lacked personal jurisdiction over the Law Firm Defendants. Such a decision would result in an unreasonable delay in Plaintiff's pursuit of justice.

Further, during the delay of a stay, "through no fault of the parties, relevant evidence could be lost or destroyed, memories could fade, and pertinent witnesses could move out of the jurisdiction." *I.K. ex rel. E.K. v. Sylvan Union Sch. Dist.*, 681 F. Supp. 2d 1179, 1193 (E.D. Cal. 2010) (citing *New York v. Hill,* 528 U.S. 110, 117 (2000); *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.,* 490 F.3d 718, 724 (9th Cir. 2007)). Plaintiff also accurately points out that, while Courtyards emphasizes the duplicative nature of the two cases, much of the conduct in this case—Courtyards' own conduct and that of its other agents—is not connected to the Colorado action. Thus, Courtyards' arguments regarding the burdensome duplicative nature of the two cases are "overstated and unpersuasive." *Id.* at 1194.

Any potential hardship Courtyards may suffer due to overlapping discovery does not outweigh the potential damage or inequity that would result from allowing Courtyards to avoid litigation by taking advantage of the current procedural posture of the case. Overall, Courtyards has not borne its burden of showing that a stay is appropriate, and the circumstances of this particular case do not convince the Court otherwise. *See Nken*, 556 U.S. at 433. Thus, the Court exercises its "broad discretion" in declining to stay this action

5

25-CV-00740-GPC-BLM

pending the resolution of the related Colorado proceedings against the Law Firm Defendants. *Clinton*, 520 U.S. at 706.

## CONCLUSION

For the reasons outlined above, Defendant Courtyards Owners, LLC's motion to stay, ECF No. 54, is DENIED. The Court VACATES the hearing scheduled for June 18,

IT IS SO ORDERED.

Dated:  June 10, 2026

Hon. Gonzalo P. Curiel
United States District Judge

6

25-CV-00740-GPC-BLM