UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LOUISE GUZMAN F/K/A LOUISE DENIS,

Plaintiff,

v.

COURTYARDS OWNER, LLC; CARDINAL GROUP MANAGEMENT MIDWEST, INC.; ASSET LIVING CORPORATION; TSCHETTER SULZER MUCCIO, P.C.; VICTOR LEWIS SULZER, ESQ.; JOHN DOE; AND CENTRAL PORTFOLIO CONTROL, INC.,

Defendants.

Case No.: 3:25-CV-00740-GPC-BLM

**ORDER DENYING MOTION TO DISMISS**

**[ECF No. 64]**

## INTRODUCTION

On September 16, 2026, Defendant filed a motion to dismiss the amended complaint. ECF No. 64. The motion to dismiss has been fully briefed. The Court finds the matter suitable for decision on the papers. For the reasons below, the Court DENIES Defendant's motion to dismiss.

## BACKGROUND

Plaintiff Louise Guzman filed her original Complaint on March 28, 2025. ECF No. 1. Central Portfolio Control, Inc. ("CPC) was not named as a defendant in that pleading. *Id*. On October 3, 2025, Plaintiff filed her First Amended Complaint (the "FAC"), which added several new defendants, including CPC. ECF No. 29. Around the end of August 2026, Plaintiff realized that two defendants had not been served. ECF No. 69, at 7. Plaintiff did not serve CPC until August 25, 2026, when a process server delivered the summons and FAC to CPC's registered agent. ECF No. 69. at 6. The parties filed a Joint Motion to Continue Trial and Other Dates on September 3, 2026. ECF No. 61. On September 4, 2026, the Court granted the extension. ECF No. 62. CPC filed a motion to dismiss for insufficient service on September 15, 2026. ECF No. 64. Plaintiff filed an opposition on October 15, 2026. ECF No. 69. A reply was filed on October 29, 2026. ECF No. 70.

## LEGAL STANDARD

"Service of an amended complaint ... must be made upon each new party to the litigation." CivLR 4.1(d). Federal Rule of Civil Procedure ("Rule") 12(b)(5) allows a defendant to move to dismiss due to insufficient service of process. Fed. R. Civ. P. 12(b)(5). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Rule 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). Once

service is challenged, the plaintiff bears the burden of establishing that service was valid. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). In addressing service failures, courts engage in a "two-step analysis": "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

## DISCUSSION

### I. <u>There is No Good Cause to Excuse Insufficient Service</u>

Defendant argues that Plaintiff failed to conduct service pursuant to Federal Rule of Civil Procedure 4. ECF No. 64, at 5. Plaintiff does not argue that service was timely, but instead that there is good cause to extend the period for service. ECF No. 69, at 10.

Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice or order that service be made within a specified time. Fed R. Civ. P. 4(m). Rule 4(m) permits a district court to grant an extension of time to serve the complaint. *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The court may even extend "time for service retroactively after the [90] day service period has expired." *U.S. v. 2,164 Watches More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004); *Mann*, 324 F.3d at 1090.

If the plaintiff shows good cause for the failure, the court must extend the time for service. *Id.* If good cause is *not* established, the district court may extend time for service upon a showing of excusable neglect. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). This is an exercise of "broad" discretion. *In re Sheehan*, 253 F.3d 513. In some cases, to establish good cause, parties may also be required to show: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Lemoge*, 587 F.3d at 1198 n.3 (quoting *Boudette*, 923 F.2d at 756). If the plaintiff shows good cause, the court must grant an extension. *Id*. (citing *In re Sheehan*, 253 F.3d at 512).

The Court finds that Plaintiff is unable to show good cause to extend the time for service. In explaining the untimely service, Plaintiff points to the "complex procedural history of the case" while noting a delay based on an internal error. ECF No. 69, at 6-7. Neither of these rationales constitute good cause.

Plaintiff's first rationale is premised on a transfer of venue. ECF No. 69, at 6. Specifically, Plaintiff identified the Order to transfer venue to Colorado along with a motion to stay pending resolution of the Colorado action. ECF No. 69, at 6. As a general rule, mistakes in interpreting or applying unambiguous federal rules of procedure are not excusable. *See Kyle v. Campbell Soup Co.,* 28 F.3d 928, 931 (9th Cir.1994). Courts have held that parallel litigation does not excuse counsel's miscalculations of deadlines or

failures to serve. *Nicas v. Riverside Cnty. Flood & Water Conservation Dist.*, 216 F.3d 1083 (9th Cir. 2000). The motion to transfer was only granted as to the law firm defendants and did not address CPC. ECF No. 49-1. As the motion to transfer did not address CPC, the order could not have affected service. Additionally, the Order granting transfer was not issued until March 27, 2026, almost three months after service was due. ECF No. 49. Therefore, service was untimely well before the transfer order. As a result, the circumstances surrounding the transfer of venue are insufficient to constitute good cause.

Plaintiff's claim of secretarial or internal error does not excuse service. Courts have consistently held that secretarial error is insufficient to constitute good cause. *Hart v. United States*, 817 F.2d 78, 81 (9th Cir. 1987); *Strange v. Eastman Outdoors, Inc.*, No. 2:14-CV-1735-JAM-DAD, 2015 WL 12672696, at *2 (E.D. Cal. May 13, 2015)(reliance upon third party is insufficient basis to constitute good cause for failure to timely serve). A plaintiff's failure to recognize that service was defective or any ignorance of the rules for service is also not good cause. *Raiser v. City of Murrieta*, No. ED 5:17-CV-01824-RGK-RAO, 2018 WL 5961301, at *6 (C.D. Cal. July 13, 2018) (citing *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992)). Plaintiff has provided little to no information regarding the circumstances relating to the internal error. Instead, Plaintiff merely states that they realized around 2026 that CPC was not served. ECF No. 69, at 6.

Without any more information, Plaintiff cannot show that the internal error excuses service. Therefore, Plaintiff is unable to show good cause to excuse service.

## II. **The Court Exercises its Discretion to Extend the Time for Service**

In the absence of good cause, Plaintiff argues that the Court should use its' discretion to extend the time for service. Where a plaintiff has failed to demonstrate good cause, the Court still retains the discretion to extend the time for service. *Sheehan*, 253 F.3d at 512-513. Although the Ninth Circuit has declined to articulate a test for the exercise of this discretion, it has made clear that this Court's discretion is broad. *Id.* at 513. "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id*. (internal quotations omitted). *Rodriguez v. Cnty. of San Bernardino*, No. 5:21-CV-01471-MEMF-SHKX, 2023 WL 2213604, at *3 (C.D. Cal. Feb. 24, 2023). Defendant argues that these factors do not weigh in favor of extending the time for service.

### A. Statute of Limitations

The only cause of action against CPC is an FDCPA claim. 15 U.S.C. §1692k(d), imposes a one-year limitations period from the date in which the violation occurs. Plaintiff alleges that the last FDCPA violation was on May 5, 2025. ECF No. 69, at 10. As a result, the limitations period would have expired on May 5, 2026. This Court finds that the potential statute of limitation bar is a compelling reason to exercise its discretion

in this case. The Ninth Circuit has recognized statute of limitation bars as an appropriate reason to exercise this discretion. *Lemoge*, 587 F.3d at 1198 ("Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action."); *see Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). In the event of dismissal, Plaintiff would suffer prejudice as the expiration of the applicable statute of limitations would likely preclude Plaintiff from refiling. *Atwater v. Cnty. of Los Angeles*, No. CV 24-1371-CV (AS), 2025 WL 4058240, at *6 (C.D. Cal. Aug. 15, 2025), *report and recommendation adopted*, No. CV 24-1371-CV (AS), 2025 WL 4058854 (C.D. Cal. Nov. 24, 2025). Therefore, the statute of limitations bar weighs in favor of granting an extension to serve.

B. Prejudice

Defendant is unable to show that they would suffer prejudice if the Court were to grant an extension. Rule 4(m)'s purpose is to "assure that defendant will be promptly notified of the lawsuit, thereby preventing possible prejudice resulting from delay: e.g., loss of evidence, dimming of witnesses' memories, [and] financial commitments based on not being sued[.]" *Strange*, 2015 WL 12672696, at *3; see *Efaw*, 473 F.3d. In alignment with this purpose, courts have found defendants did not suffer prejudice when "[t]here is no argument or evidence that pertinent records have been destroyed or relevant witnesses can no longer remember the events underlying this action,". *Bernhard v. Cnty. of San Joaquin*, No. 2:21-CV-00172-TLN-DB, 2024 WL 457239, at *5 (E.D. Cal. Feb. 6, 2024)

(citing *Acosta v. Tourner*, No. 1:09-CV-01560AWIGSA, 2010 WL 3431768, at *5 (E.D. Cal. Aug. 31, 2010)).

Defendants do not argue that they would be prejudiced by the destruction of pertinent records or that witnesses are unable to recall relevant events. Instead, Defendant argues they would face prejudice as a co-defendant answered the FAC, the Court entered a scheduling order, and the parties may have been conducting discovery during the time they had not been served. ECF No. 64, at 7. In response, Plaintiff argues that discovery has only recently begun and that they moved to continue case dates and deadlines to avoid prejudice. ECF No. 69, at 12-13. The Court granted a joint order to continue trial and related dates on September 3, 2026. ECF No. 61. As the discovery deadline has been moved to March 12, 2027, Defendant will not be prejudiced as they will be able to fully participate in discovery going forward. *Id*. Based on the early status of this case, Defendant will not be prejudiced by an extension of service.

Defendant also argues that an extension to serve is not warranted based on the lengthy delay of service. ECF No. 70, at 4. As the FAC was filed on October 3, 2025, Plaintiff had until January 1, 2026 to conduct service. Since Defendant was not served until August 25, 2026, service was untimely by 236 days. Courts regularly grant extensions to serve based on comparable or even lengthier delays. *Pitts v. Baumgartner*, No. 2:20-CV-01243WBS-JDP, 2022 WL 2133847, at *2 (E.D. Cal. June 14, 2022)(complaint filed June 17, 2020 service on December 1, 2021); *Atwater*, 2025 WL

4058240, at *6 (year and a half passed without service); *Acosta*, 2010 WL 3431768, at *5 (E.D. Cal. Aug. 31, 2010)(259 days passed); *Medlink Health Sols., LLC v. Maddox Def. Inc.*, No. 22-CV-1306-AGS-DEB, 2024 WL 5037515, at *1 (S.D. Cal. Sept. 12, 2024)(service was late by more than a year). As a result, the length of the delay alone is insufficient to constitute prejudice.

C. Actual Notice

Plaintiff is unable to show that Defendant had actual notice of the action. Plaintiff does not point to any evidence or facts showing that CPC was aware that Plaintiff filed the complaint. Plaintiff argues that CPC's status as a collection agent means CPC "should have been, and likely was…" aware of the lawsuit. ECF No. 69, at 11. These assertions are speculative and lack any concrete specificity. Courts have found parties to have actual notice upon the completion of service. *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1036 (N.D. Cal. 2015); *Pitts*, 2022 WL 2133847, at *2. Defendant was not served until August 26, 2026. Therefore, Defendant did not have actual notice of the suit until well after service was due. Furthermore, Plaintiff does not cite to any caselaw to support the proposition that CPC acting as Courtyards collection agent is sufficient to impute actual knowledge. In the absence of service, Courts have imputed actual knowledge on a party when they were actively involved in the litigation or shared attorneys. *Weberman v. Noble Collection*, No. 2:24-CV-05230-AB-AJR, 2025 WL 1377758, at *4 (C.D. Cal. Apr. 1, 2025); *Medlink Health* Sols., 2024 WL 5037515, at *2.

Neither of these situations are applicable to this case. As a result, the Court finds that CPC did not have actual notice of the suit.

D. <u>Eventual Service</u>

Finally, the "eventual service" factor weighs in favor of an extension. Plaintiff notes that CPC was eventually served on August 26, 2026. ECF No 69, at 13. Defendant concedes that service occurred on August 26, 2026. ECF No. 64, at 6. Since service eventually occurred, this factor weighs in favor of an extension of service.

In sum, three of the four factors favor an extension, while the "actual notice" consideration weighs against it—but not heavily enough to counterbalance the other factors. In its discretion, the Court concludes that it is in the interest of justice to grant a limited extension for completing service here.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Defendant's motion to dismiss. The hearing set for November 20, 2026, shall be VACATED.

Dated: November 16, 2026

Hon. Gonzalo P. Curiel
United States District Judge